UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD B. KITCHEN,

    Plaintiff,

v.

PIERCE COUNTY SHERIFFP'S DEPARTNEBT, *et al*,

    Defendants.

Case No. C06-5186RJB

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff states that "[t]his is a 4th Amendment violation claim for arrest without probable cause to where plaintiffs [sic] civil rights were violated by two Pierce County Sheriffs [sic] Deputies, acting under color of state law, one being Brent Eggleston and the other as John Doe pending discovery, and acting under authority and training by and for the Pierce County Sheriff's Dept." Complaint, p. 3 (Dkt. #1). He then goes on to explain the procedural history of his criminal trial and resulting appeal. Nowhere in his complaint, however, does plaintiff set forth specific facts showing how any of the individually named defendants caused or personally participated in causing the harm alleged.

In addition, plaintiff has named the Pierce County Sheriff's Department as a defendant in this case. A local government agency, municipality, or agency thereof, can be held liable under section 1983. However, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474  (9th Cir.1992).

The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to liability for the local government agency. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). Thus, a defendant cannot be held liable under section 1983 solely on the basis of supervisory responsibility or position. Id. at 694 n.58. In other words, a theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

1   In his complaint, plaintiff alleges in general that "[t]he deputies involved acted in accordance with with [sic] training and procedures of the Pierce County Sheriff's Dept., the upper echelon to include the supervisors," which created "a joint liability with the Sheriff's Dept." and whoever was "responsible for training in diversity and/or community relations." Complaint, p. 3.  Again, however, plaintiff has not made any <u>factual</u> showing that any policy of the Pierce County Sheriff's Department was the moving force behind a violation of his constitutional rights.  Indeed, he appears to be making the kind of supervisory liability claim that cannot result in liability under section 1983.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than June 18, 2006**.  The amended complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 18th day of May, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge